**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.:

JOAN FLORENZANO,

    Plaintiff,

vs.

LAWN MANAGEMENT ASSOCIATES, CORP,
a Florida Profit Corporation, d/b/a LIGHTSCAPES
and JORGE L. PRIETO, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff JOAN FLORENZANO, (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendants, LAWN MANAGEMENT ASSOCIATES, CORP, a Florida Profit Corporation d/b/a LIGHTSCAPES (hereinafter, "LIGHTSCAPES"), and JORGE L. PRIETO, individually (hereinafter "PRIETO" collectively, "Defendants") and states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid overtime wages against Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the United States Court for the Southern District of Florida because Plaintiff was employed by Defendants in this District; because Defendants at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5. Plaintiff at all times pertinent to this complaint, resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

6. During all times relevant to this Complaint, Plaintiff was employed by Defendants as an operations manager. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

7. Defendant LIGHTSCAPES is a Florida profit corporation organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida. LIGHTSCAPES has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Defendant LIGHTSCAPES is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. Specifically, Defendant LIGHTSCAPES is a company that offers residential and commercial lawn and landscape services including LED landscape lighting product line using products that are shipped nationwide from different supplier.

10. At all times material to this Complaint, LIGHTSCAPES, has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

11. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that Plaintiff is covered under the FLSA through individual coverage. Plaintiff regularly and recurrently used the instrumentalities of interstate commerce. More specifically, Plaintiff regularly utilized and handled equipment and materials manufactured and purchased outside of Florida.

12. Defendant LIGHTSCAPES upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

13. Defendant PRIETO is a corporate officer of and/or owner, and exercised operational control over the activities of, corporate Defendant, LIGHTSCAPES.

14. Defendant PRIETO acted directly in the interest of his company, LIGHTSCAPES. Upon all available information, PRIETO controlled the manner in which Plaintiff performed his work, and the pay he was to receive.

15. All Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

16. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS

17. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

18. Though Plaintiff was titled as an operations Manager, he did not do anything different than the individuals he was "managing." At least 80% of Plaintiff's day to day work in a given week involved performing manual labor rather than giving directives to employees. Further, Plaintiff

did not have any hiring or firing authority, could not set other employee's pay or discipline employees.

19. Throughout his employment, Plaintiff was misclassified as an exempt employee of Defendants and was not paid for his overtime.

20. Plaintiff began working for Defendants in April 2016. Plaintiff quit his job in November 2021.

21. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

22. Based on the information currently available to Plaintiff, he was paid $19.00/hour. He was paid on a weekly basis.

23. During his employment, Plaintiff regularly worked between 60-70 hours per work week. Plaintiff earned $19.00/hour. However, Plaintiff was not compensated at the rate of time and half the hours worked over 40 in a work week.

24. A review of the pay stubs in which Plaintiff has in his current possession, custody, and control reflect that from the beginning of his employment, Plaintiff was compensated at his regular rate for all hours worked.

25. Further, throughout his employment Defendants deducted ½ hour per day regardless of whether Plaintiff took the break.

26. Defendants and their representatives knew that Plaintiff was working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

27. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

28. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

29. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

**COUNT I**
**VIOLATION OF FLSA/OVERTIME**
**against LIGHTSCAPES**

30. Plaintiff, re-alleges and reaffirms paragraphs 1 through 29 as if fully set forth herein.

31. This action is brought by Plaintiff to recover from Defendant LIGHTSCAPES unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

32. Since the commencement of Plaintiff's employment, LIGHTSCAPES has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one- and one-half times his regular rate.

33. Specifically, throughout his employment Plaintiff regularly worked between 60-70 hours during each workweek in which he was employed but he was only paid straight time for some of his overtime hours.

34. Furthermore, Defendants deducted ½ hour each day regardless of whether or not Plaintiff had taken a lunch break.

35. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

36. LIGHTSCAPES is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). LIGHTSCAPES' business activities involve those to which the Fair Labor Standards Act applies.

37. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

38. LIGHTSCAPES has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

39. By reason of the said intentional, willful and unlawful acts of LIGHTSCAPES, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

40. LIGHTSCAPES never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

41. As a result of LIGHTSCAPES's willful violations of the Act, Plaintiff is entitled to liquidated damages.

42. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from LIGHTSCAPES.

**WHISEFORE**, Plaintiff respectfully prays for the following relief against LIGHTSCAPES:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## VIOLATION OF FLSA/OVERTIME
## against JORGE L. PRIETO

43. Plaintiff, re-alleges and reaffirms paragraphs 1 through 29 as if fully set forth herein.

44. At the times mentioned, Defendant PRIETO was, and is now, a corporate officer of corporate Defendant, LIGHTSCAPES.

45. PRIETO was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that PRIETO acted directly in the interests of Defendant LIGHTSCAPES in relation to its employees including Plaintiff.

46. Specifically, PRIETO supervised Plaintiff, determined his day-to-day schedule, and

maintained the right to hire and fire Plaintiff during all pertinent times hereto, and the pay he was to receive.

47. PRIETO had operational control of the business and is thus jointly liable for Plaintiff's damages.

48. Defendant PRIETO willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against PRIETO:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**[SPACE INTENTIONALLY LEFT BLANK]**

## DEMAND FOR JURY TRIAL

Plaintiff, JOAN FLORENZANO demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: February 4, 2022     **PEREGONZA THE ATTORNEYS, PLLC**

1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/Juan J. Perez
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com